UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRANT WARRICK,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 3:14-cv-05284-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 19, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On February 11, 2011, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications he became disabled beginning July 22, 2010. See ECF #10, Administrative Record ("AR") 19. Both applications were denied upon initial administrative review on May 16, 2011, and on reconsideration on August 4, 2011. See id.

REPORT AND RECOMMENDATION - 1

A hearing was held before an administrative law judge ("ALJ") on November 19, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 35-73.

In a decision dated December 7, 2012, the ALJ determined plaintiff to be not disabled. See AR 19-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 3, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481. On April 8, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on July 7, 2014. See ECF #10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred in finding him to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ so erred, and thus erred in determining plaintiff to be not disabled. Accordingly, the undersigned recommends that defendant's decision to deny benefits be reversed on this basis, and that this matter be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

REPORT AND RECOMMENDATION - 2

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four of the sequential disability evaluation process to determine whether a claimant can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

In terms of plaintiff's residual functional capacity in this case, the ALJ found in relevant part that he:

> **. . . is . . . limited to simple routine and repetitive tasks with one-to-two step instructions. He . . . is limited to jobs requiring few decisions and few changes. He must be provided with short, simple instructions.**

AR 23 (emphasis in original). If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing the same limitations as were included in the above RFC assessment. See AR 70. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform the jobs of garment sorter (Dictionary of Occupational Titles ("DOT") 222.687-014 (1991 WL 672131)),

REPORT AND RECOMMENDATION - 4

hand packager (DOT 559.687-074 (1991 WL 683797)) and stock sorter (DOT 299.667-014 (1991 WL 672642)). See AR 69-71. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 29-30.

Plaintiff argues the ALJ erred in finding him to be capable of performing the above jobs and therefore not disabled on that basis, because the ALJ failed to resolve a conflict between the vocational expert's testimony and the DOT. The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ, furthermore, has the affirmative responsibility to ask the vocational expert about possible conflicts between his or her testimony and information in the DOT. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704. Thus, before relying on evidence obtained from a vocational expert to support a finding of not disabled, the ALJ is required to "elicit a reasonable explanation for any discrepancy" with the DOT. Haddock, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704 *1. The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved. SSR 00-4p, 2000 WL 189704 *4.

Specifically, plaintiff argues the DOT's descriptions of each of the jobs identified by the vocational expert require a reasoning level greater than that indicated by the ALJ's assessment of plaintiff's residual functional capacity, a conflict the ALJ both failed to ask the vocational expert about and then failed resolve in his decision. The DOT describes the jobs of garment sorter, hand packager and stock sorter as requiring Level 2 reasoning, which is defined as:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

REPORT AND RECOMMENDATION - 5

DOT, Appendix C, 1991 WL 688702; see also DOT 222.687-014, 1991 WL 672131; DOT 559.687-074, 1991 WL 683797; DOT 299.667-014, 1991 WL 672642. Plaintiff asserts the limitations the ALJ imposed, however, are more analogous to Level 1 reasoning, which the DOT defines as:

> Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

Id. The undersigned agrees.

As defendant notes, "[t]here is no Ninth Circuit authority defining the precise correlation between reasoning levels and functional limitations identified in an RFC assessment." Skeens v. Astrue, 903 F.Supp.2d 1200, 1208 (W.D. Wash. 2012). As Magistrate Judge Mary Alice Theiler pointed out in Skeens, "[s]ome court cases emphasize that DOT reasoning levels do not directly match" the functional limitations contained in the Commissioner's regulations. Id. at 1208-09 (citing Meissl v. Barnhart, 403 F.Supp.2d 981, 983 (C.D. Cal. 2005); Bordbar v. Astrue, 2011 WL 486540, at *3 (C.D. Cal. 2011)). As the district court in Meissl explained:

> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. 20 C.F.R. § 416.969a(c)(1)(iii); *see also* 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.00C(3)("You may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks"). The DOT, on the other hand, employs a much more graduated, measured and finely tuned scale starting from the most mundane ("simple one- or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking ... apprehend the most abstruse classes of concepts" at level six). DOT at 1010–1011. To equate the Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.
>
> Even more problematic for Meissl's position is that she ignores the

REPORT AND RECOMMENDATION - 6

qualifier the DOT places on the term "detailed" as also being "uninvolved." This qualifier certainly calls into question any attempt to equate the Social Security regulations' use of the term "detailed" with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale.

403 F.Supp.2d at 984.

In <u>Meissl</u>, the plaintiff was limited "to work involving simple tasks performed at a routine or repetitive pace," which the district court found was not inconsistent with Level 2 reasoning. <u>See</u> 403 F.Supp.2d at 982-85. In so finding, the court noted "the ALJ found that [the plaintiff] could perform not just simple tasks but also ones that had some element of repetitiveness to them," whereas "[a] reasoning level of one on the DOT scale requires slightly less than this level of reasoning." <u>Id.</u> at 984. The <u>Meissl</u> court went on to explain that "[a] reasoning level of one indicates, both by the fact that it is the lowest rung on the development scale as well as the fairly limited reasoning required to do the job, as applying to the most elementary of occupations; only the slightest bit of rote reasoning being required." <u>Id.</u> (noting as examples of jobs with this level of reasoning in DOT: checker ("[c]ounting cows as they come off a truck"), bottling-line attendant ("pasting labels on filled whiskey bottles"), and vacuum tester ("tapping the lid of cans with a stick")).

Some district court decisions have equated a limitation to one-to-two step instructions with Level 2 reasoning. <u>See</u> <u>Lee v. Astrue</u>, 2010 WL 653980, at *10-*11 (E.D. Cal. Feb. 19, 2010); <u>Seechan v. Astrue</u>, 2010 WL 1812637, at *10-*11 (E.D. Cal. May 5, 2010); <u>Harrington v. Comm'r of Social Sec. Admin.</u>, 2008 WL 4492614, at *9-*10 (S.D. Cal. Sept. 29, 2008). In both <u>Lee</u> and <u>Seechan</u>, after discussing the <u>Meissl</u> decision in detail the court simply found Level 2 reasoning was "not in conflict with the ALJ's limitation to simple one and two step directions."

REPORT AND RECOMMENDATION - 7

2010 WL 653980, at *11; 2010 WL 1812637, at *11. As defendant notes, the undersigned recently found a limitation to simple, routine tasks with one-to-two step instructions also did not conflict with Level 2 reasoning, emphasizing the simple, routine tasks aspect, but not explaining further the basis for the finding as to why a one-to-two step instruction limitation did not conflict with that level of reasoning. See Tyler v. Colvin, Slip Copy, 2013 WL 6670257, at *8-*11 (W.D. Wash. Dec. 18, 2013).

The district court in Harrington, on the other hand, emphasized the fact that the ALJ did not limit the claimant merely to simple one-or-two step instructions, but rather indicated she had greater abilities:

> [The ALJ] did not limit Plaintiff to only having the ability to apply "commonsense understanding to carry out simple one- or two-step instructions" or only "deal with standardized situations with occasional or no variables," which is the essence of reasoning level one. . . . Rather, he found that Plaintiff can understand "detailed but uncomplicated instructions" and perform "simple, repetitive work." . . . The residual functional capacity finding clearly puts Plaintiff beyond reasoning at level one. . . .
>
> . . .
>
> . . . although the ALJ found that Plaintiff can perform "simple, repetitive work," he also found that she was able to "understand detailed but uncomplicated instructions, and simple one/two step instructions." . . . The ALJ did not intend to relegate Plaintiff to the lowest rung on the reasoning ladder; thus, he found her able to perform work exceeding reasoning at level one . . .

2008 WL 4492614, at *10 (internal citations omitted). Likewise, in Skeens, Judge Theiler declined to find a limitation to performing simple tasks with one-to-two step instructions to be consistent with Level 2 reasoning, because "the question of [the p]laintiff's ability to carry out detailed (though uninvolved) instructions, as is required in reasoning level 2 jobs," had not been addressed by the ALJ. 903 F.Supp.2d at 1211. Other court decisions similarly have concentrated on a lack of evidence supporting a "deviation" from the Level 1 reasoning definition to find that

REPORT AND RECOMMENDATION - 8

a limitation to one-to-two step tasks does not correspond to Level 2 reasoning. Pouria v. Astrue, 2012 WL 1977278, at *3 (C.D. Cal. June 1, 2012); see also Hamlett v. Astrue, 2012 WL 469722, at *4 (C.D. Cal. Feb. 14, 2012); Grigsby v. Astrue, 2010 WL 309013, at *2 (Jan. 22, 2010).

As defendant notes and contrary to the Tyler decision discussed above, in a more recent case the undersigned agreed with the plaintiff that a limitation to carrying out one-to-two step simple instructions equated to Level 1 reasoning. See White v. Colvin, Slip Copy, 2014 WL 4715649 (W.D. Wash. 2014). Although not specifically relied on as a basis for reversing and remanding the ALJ's decision, the undersigned notes that in Tyler the medical evidence the ALJ failed to address – which was the basis for the reversal and remand – not only indicated that plaintiff was limited to one-to-two step simple instructions, but that she could not carry out "more detailed instructions" as well. Id. at *3. The undersigned finds the case at hand to be much closer to the situation in Tyler than it is to that in White. Indeed, this facts of this case provide an even stronger basis for finding the mental limitations the ALJ assessed to be more analogous to Level I reasoning.

As noted above, the ALJ limited plaintiff not just to simple routine and repetitive tasks with one-to-two step instructions, but also to jobs requiring few decisions and few changes with short, simple instructions. The ALJ's RFC assessment thus is even more restrictive than merely limiting plaintiff to one-to-two step instructions. As noted by the Meissl court, Level 1 reasoning at the very least requires something "slightly less than" the ability to perform simple tasks with "some element of repetitiveness to them." 403 F.Supp.2d at 984. Here, the limitations the ALJ imposed indicate much greater restriction than that, but rather appear to contemplate jobs where "fairly limited reasoning required" indicative of Level I reasoning. Id.

Defendant argues that three of the jobs identified by the vocational expert are described

REPORT AND RECOMMENDATION - 9

as having an SVP ("special vocational preparation") score of 2 – i.e., they involve unskilled work – and that the record indicates plaintiff can perform such work. As the Meissl court also pointed out, the problem for defendant is that "she is conflating two separate vocational considerations" here, SVP versus reasoning level. 403 F.Supp.2d at 982-83.[2] In addition, the undersigned is not at all convinced that each job "requires at most a two-step instruction" as defendant asserts (ECF #14, p. 7), and in any event this does not take into account the other mental limitations imposed by the ALJ, such as work requiring few changes and few decisions, which also do not necessarily comport with the DOT's requirements for those jobs. See DOT 222.687-014, 1991 WL 672131; DOT 559.687-074, 1991 WL 683797; DOT 299.667-014, 1991 WL 672642.

Defendant further argues plaintiff's activities "show a commensurate ability to do at least simple routine repetitive tasks with one- to two-step or short, simple instructions." ECF #14, p. 7. But even if that is a reasonable interpretation of the evidence, the fact is the ALJ's assessment of plaintiff's RFC indicates the existence of even greater restrictions that make it more analogous to Level I reasoning for the reasons discussed above. The same goes for the medical evidence relied on by defendant to argue plaintiff could perform at a Level 2 reasoning level. Lastly, neither the Eighth nor the Tenth Circuit decisions defendant cites address the situation where a plaintiff is

---

[2] As the district court explained:

> . . [T]he SVP level in a DOT listing indicating unskilled work, does not address whether a job entails only simple, repetitive tasks. *See, e.g., Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir.1997); *Cooper v. Barnhart*, 2004 WL 2381515, at *4 (N.D.Okla. Oct.15, 2004); *Hall v. Barnhart*, 2004 WL 1896969, at *3 (D.Me. Aug.25, 2004). A job's SVP is focused on "the amount of lapsed time" it takes for a typical worker to learn the job's duties. DOT at 1009. A job's reasoning level, by contrast, gauges the minimal ability a worker needs to complete the job's tasks themselves. As one court noted, "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED [reasoning level] ratings." *Hall-Grover v. Barnhart*, 2004 WL 1529283, at *4 (D.Me. April 30, 2004). Here, the one vocational consideration directly on point with the limitation contained in the RFC is a job's reasoning level score.

Id.

REPORT AND RECOMMENDATION - 10

restricted to one-to-two step instructions or less, and thus do not help her here. See ECF #14, p. 9 (citing Hillier v. Social Sec. Admin., 486 F.3d 359, 366-67 (8th Cir. 2007); Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005).

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). As discussed above, a conflict exists between the vocational expert's testimony concerning the jobs she identified that plaintiff could do and the descriptions of those jobs contained in the DOT. In addition, the ALJ erred by failing to ask the vocational expert about this conflict and also by not resolving it in his decision. Because issues still remain in regard to plaintiff's ability to perform other jobs existing in significant numbers in the national economy, therefore, remand

REPORT AND RECOMMENDATION - 11

for further consideration of those issues is appropriate.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **December 19, 2014**, as noted in the caption.

DATED this 1st day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12